UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL DAVID NEWBRO,

                Plaintiff,                03 Civ. 10308 (PKC)

    -against-

                                                    <u>ORDER</u>

LANCE FREED, JUDITH FISHER
FREED, FREED LIVING TRUST,
DEBORAH LOEFFLER, and DOES 1 to
10,

                Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        In a Memorandum and Order dated March 31, 2004, I denied a motion filed by defendants Lance Freed and Judith Fisher Freed to dismiss plaintiff Michael Newbro's fraud claim against them pursuant to Rule 12(b)(6), Fed. R. Civ. P. <u>Newbro v. Freed</u>, 2004 WL 691392, at *5 (S.D.N.Y. Mar. 31, 2004). Defendant Deborah Loeffler later filed a motion to dismiss on November 1, 2004, which sought to dismiss the Amended Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Rules 12(b)(6) and 9(b) for failure to plead fraud with sufficient specificity. On January 28, 2005, I granted Ms. Loeffler's motion to dismiss on jurisdictional grounds, and granted leave for the plaintiff to file a Second Amended Complaint sufficient to establish this Court's subject matter jurisdiction. The order additionally stated that, should the plaintiff submit a Second Amended Complaint, I would consider Ms. Loeffler's motion to dismiss for failure to state a claim on the papers already submitted to the Court, with leave granted to the Newbros to join that motion to dismiss.

Mr. Newbro elected not to file a Second Amended Complaint, and Ms. Loeffler has ceased to be a defendant in this action. The Freeds contend that I should nevertheless decide Ms. Loeffler's motion as to the fraud claim, arguing that Ms. Loeffler's motion is applicable to them.

The fraud claim that the plaintiff brought against Ms. Loeffler is premised on facts distinct from the fraud claims that he brings against the Freeds. (Amended Complaint ¶¶ 29-43) The claim against Ms. Loeffler and the claim against the Freeds implicate distinct investment accounts and different account transactions. The memorandum of law submitted by Ms. Loeffler in support of her motion to dismiss the fraud claim was specific to Mr. Newbro's claim against her, and did not include assertions or arguments as to the fraud claim that Mr. Newbro continues to assert against the Freeds. Indeed, the Memorandum of Law filed by Ms. Loeffler is premised in part on factual distinctions between the allegations against the Freeds and the allegations against Ms. Loeffler. (Mem. of Law at 10-11) Nothing in Ms. Loeffler's motion to dismiss Mr. Newbro's fraud claim discusses the fraud claim against the Freeds. To the extent that the Freeds rely on Ms. Loeffler's motion to dismiss for failure to state a claim, their motion is denied.

Assuming arguendo that the arguments set forth in Ms. Loeffler's motion apply to the fraud claim against the Freeds, I further conclude that the Freeds have waived the right to assert a motion to dismiss pursuant to Rule 9(b). "[W]aiver of the 9(b) particularity defense occurs only if a defendant fails to raise it as an affirmative defense in his answer or in a motion to dismiss." USA Certified Merchants, LLC v. Koebel, 262 F. Supp. 2d 319, 332 (S.D.N.Y. 2003). I previously denied the Freeds'

motion to dismiss Mr. Newbro's fraud claim because the arguments proffered by the Freeds relied on factual considerations more aptly considered at the summary judgment stage or in a trial on the merits. Newbro, 2004 WL 691392, at *5. Although the initial Complaint contained fewer details than the Amended Complaint, the Freeds' prior motion to dismiss the fraud clam was premised on the extent to which the Freeds communicated with Mr. Newbro, and whether the Freeds had any duty to do so. (Feb. 5, 2004 Mem. at 5) The accompanying notice of motion contained no mention of Rule 9(b).

The Amended Complaint was filed in September 22, 2004. The Freeds' answer is dated October 12, 2004. It does not list Rule 9(b) as an affirmative defense, nor does it explicitly cite to the plaintiff's fraud claim and the particularity (or lack thereof) with which it was pleaded. Not until the Notice of Motion dated March 28, 2005, did the Freeds submit a filing that included mention of Rule 9(b). Had the Freeds joined in Ms. Loeffler's motion prior to filing their answer, a Rule 9(b) motion may have been proper at this juncture. The Freeds, however, opted not to move on Rule 9(b) grounds until learning of Ms. Loeffler's anticipated motion.

The fraud theory against the Freeds is on thin legal footing. I acknowledged in my March 31, 2004 Memorandum and Order that some New York courts had recognized a duty to disclose in a non-fiduciary context. At the summary judgment stage, informed by the evidence, I can better assess whether this case presents a circumstance in which a New York court would impose a duty to disclose upon a non-fiduciary. The facts alleged in the Amended Complaint that purport to give rise to an inference of fraud—that when Eberhard transferred money back into their account, the Freeds then transferred the money elsewhere—may not be sufficient to survive a

summary judgment motion. (Amended Complaint ¶ 32) I do no not address this at this stage.

Defendant Freed's motion to dismiss on Rule 9(b) grounds is denied.

SO ORDERED.

/s/ P. Kevin Castel
P. Kevin Castel
United States District Judge

Dated: New York, New York
June 9, 2005